1  Christopher E. McAteer (Bar No. 129012)
   Theresa C. McAteer (Bar No. 110301)
2  McAteer & McAteer, APLC
   110 West C Street, Suite 1500
3  San Diego, CA 92101
   (619) 338-9790; (619) 338-0105 fax
4
   Attorneys for Plaintiffs Heather Johnston and David F.
5  Dickins

6

7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11  HEATHER JOHNSTON and DAVID       CASE NO. 3:13-cv-523-W-BLM
    F. DICKINS,
12                                    Assigned to:
              Plaintiffs,             Honorable Judge Thomas J. Whelan
13                                    Magistrate Judge Barbara Lynn
         v.                           Major
14
    IRONTOWN HOUSING COMPANY,        MEMORANDUM OF POINTS
15  INC., a reputed Utah corporation aka   AND AUTHORITIES IN SUPPORT
    "IRONTOWN HOUSING               OF PLAINTIFFS' MOTION FOR
16  CORPORATION, INC., a Utah        JUDGMENT ON THE PLEADINGS
    Corporation"; RICHARD P.         (FIRST CAUSE OF ACTION
17  VALGARDSON aka RICK             ONLY)
    VALGARDSON, an individual, KAM
18  VALGARDSON, an individual; and
    DOES 1 through 20, inclusive,    Date: May 6, 2013
19                                    Time: n/a
              Defendants.            Courtroom: 3C
20                                    Complaint Filed: January 8, 2013
                                      Trial Date:  Not Set
21
                                      [No Oral Argument per Local Rule
22                                    7.1(d)(1)]

23       Plaintiffs Heather Johnston and David Dickins ("Plaintiffs") submit the

24  following Memorandum of Points and Authorities in Support of their Motion for

25  Judgment on the Pleadings, as to the First Cause of Action only.  Judgment as to the

26  First Cause of Action is appropriate because there  are no disputed material facts as

27  to that cause of action, and no additional facts to be ascertained that would assist

28  Defendants in defending against the Motion.

**TABLE OF CONTENTS**

Page

I.    FACTUAL AND PROCEDURAL BACKGROUND . . . . . . .  2

II.   PLAINTIFFS' RULE 12(c) MOTION IS PROPER
      AS TO THE FIRST CAUSE OF ACTION, BECAUSE
      THE PLEADINGS ARE CLOSED AS TO ALL FACTS
      NECESSARY TO ENTER JUDGMENT IN
      PLAINTIFFS' FAVOR ON THAT CAUSE OF ACTION  . . .  5

III.  DEFENDANT IHC ACTED AS AN UNLICENSED
      CONTRACTOR IN PERFORMING THE WORK
      OF THE CONTRACT AND MUST DISGORGE
      ALL PAYMENTS RECEIVED FROM PLAINTIFFS . . . . . .  6

      1.   The Work of the Contract required that IHC hold
           a valid California contractor's license . . . . . . . . . . .  6

      2.   IHC was not licensed when it entered into and
           performed the Work of the Contract . . . . . . . . . . . .  8

      3.   IHC must disgorge the entire sum paid by Plaintiffs  . . .  10

IV.   CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

# TABLE OF AUTHORITIES

Page

**Federal Statutes**

Federal Rules of Civil Procedure 12(c)  . . . . . . . . . . . . . . . . .   4


**Federal Cases**

*Chi-Mil Corporation v. W.T. Grant Co.,*
70 F.R.D. 352 (E.D. Wis. 1976)  . . . . . . . . . . . . . . . . . .   5

*Curry v. Baca,*
497 F. Supp. 2d 1128 (C.D. Cal. 2007)  . . . . . . . . . . . . . . .   5

*Strigliabotti v. Franklin Resources,*
398 F. Supp. 2d 1094 (N.D. Cal. 2005)  . . . . . . . . . . . . . . .   5

*USF&G v. Tierney Assoc.,*
213 F. Supp. 2d 468 (M.D. Pa.  2002)  . . . . . . . . . . . . . . . .   5


**California Statutes**

Business & Professions Code section 100  . . . . . . . . . . . . . . . .   4

Business & Professions Code section 101  . . . . . . . . . . . . . . . .   4

Business & Professions Code section 7000. . . . . . . . . . . . . . . .   6

Business & Professions Code section 7000.5  . . . . . . . . . . . . . .   4

Business & Professions Code section 7025(b) . . . . . . . . . . . . . .   8

Business & Professions Code section 7026 . . . . . . . . . . . . . . . .   6, 7

Business & Professions Code section 7026.1 (b)(1)  . . . . . . . . . . .   7

Business & Professions Code section 7026.2(c)  . . . . . . . . . . . .   7, 8

Business & Professions Code section 7031(a)   . . . . . . . . . . . . .   10

Business & Professions Code section 7031(b)   . . . . . . . . . . . . .   5, 9, 10, 11

Business & Professions Code section 7031(d)  . . . . . . . . . . . . . .   8

Business & Professions Code section 7031(e)  . . . . . . . . . . . . . .   10

Health & Safety Code section 18045   . . . . . . . . . . . . . . . . . .   7

Health & Safety Code section 50400   . . . . . . . . . . . . . . . . . .   4

Page

Health & Safety Code section 50404 . . . . . . . . . . . . . . . . . . . . 4


**California Cases**

*Ball v. Steadfast-BLK,*
196 Cal. App. 4th 694 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Knapp Development & Design v. Pal-Mal Properties, Inc.,*
173 Cal. App. 3d 423 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Opp v. St. Paul Fire & Marine Insurance Company,*
154 Cal. App. 4th 71 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Twenty-nine Palms Enterprises Corporation v. Bardos,*
210 Cal. App 4th 1435 (2102) . . . . . . . . . . . . . . . . . . . . . . . . 6, 9, 11

*White v. Cridlebaugh,*
178 Cal. App. 4th 506 (2009) . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

# MEMORANDUM

# I

## FACTUAL AND PROCEDURAL BACKGROUND

This action was commenced in the San Diego Superior Court by the filing of Plaintiffs' Verified Complaint ("Complaint"), alleging among other claims that Defendant Irontown Housing Company, Inc. ("IHC") was not a licensed contractor when it entered into a contract with Plaintiffs (the "Contract," attached to the Complaint as Exhibit 1) for the construction of a custom manufactured home in San Diego County, California. Plaintiffs have also alleged causes of action against Defendants IHC and its principals (Richard P. Valgardson and Kam Valgardson) for breach of contract, fraud, negligent misrepresentation, and unfair business practices in the course of the transaction.  Defendants subsequently removed the case to this Court.

This Motion asks for judgment solely as to the First Cause of Action, seeking disgorgement of the amount Plaintiffs paid to IHC by virtue of IHC's status as an unlicensed contractor. As to that cause of action, the facts are already settled by (1) the allegations in the Complaint, (2) the facts alleged in the Motions to Dismiss filed by the Defendants herein, and (3) matters which may be judicially noticed.

There is no dispute that Plaintiffs and IHC signed the Contract attached to Plaintiffs' Complaint.  Indeed, Defendants have cited the forum selection clause in that Contract as one basis for its pending Motions to Dismiss. (Defendants' Memorandum of Points and Authorities in Support of Motions to Dismiss, 7:23 - 8:5). Further, Defendants filed a collection action in the State of Utah based on the identical Contract. (Plaintiffs' Request for Judicial Notice, Exhibit "C"). For reasons that will be set forth in Plaintiffs' Opposition to the Motions to Dismiss, the forum selection clause is unavailing to the Defendants.  Having relied upon the Contract for their own Motion, however, Defendants cannot deny that the Contract attached as Exhibit 1 to the Complaint is the operative document.

1    Under the Contract, Defendants were to perform several actions that required
2  a contractor's license under California law, including:

3          -      setting the modules on the foundation (including installation of steel
4                 plate tie downs), "stitching" the modules together and the performance
5                 of on-site construction
6          -      trenching and installation of pipe, conduit and wiring
7          -      building services
8          -      construction of the foundation and installation of the Structure
9          -      plumbing, mechanical, electrical, structural "tie to mod and
10                 foundation"
11         -      installation of the roof
12         -      installation of lighting fixtures provided by Plaintiffs
13         -      drywall work
14         -      fire sprinkler installation
15         -      installation of connections for water, sewer, gas and electric
16                 connections
17         -      framing of exterior decks
18         -      installation of exterior waterproofing and flashing
19  (Complaint, Exhibit 1, pages 4, 6 and the detailed "Purchase Order" attachment
20  thereto). Defendants have admitted they performed the work, *inter alia* by filing suit
21  in Utah to collect amounts they allege are due on the Contract.

22    In finalizing the Contract, and specifically in response to Plaintiffs' demand
23  for IHC's California contractor's license, Defendants provided a number that
24  appears under IHC's signature line at the end of the Contract: "General Contractor's
25  License for California – 949449." (Complaint, Exhibit 1, page 8; and Exhibit 4).
26  This representation was false and misleading, as this number is assigned to a license
27  issued to Defendant Richard P. Valgardson, operating as a sole proprietor.
28  (Declaration of Theresa C. McAteer, paragraph 2). The Complaint, and IHC's

1  certified license history attached thereto, conclusively establish that IHC had no
2  California contractor's license at any time relevant to this action. (See Complaint,
3  Exhibit 2). Plaintiffs are informed that IHC has very recently obtained some form
4  of contractor's license. (McAteer Declaration, ¶3).  If anything, the Court could
5  view this as an admission of its formerly delinquent status.

6       IHC is the party to the Contract, not Mr. Valgardson, and its failure of
7  licensure is fatal to Defendant IHC's defense against this Motion.

8       Defendants insist their permit from the California Department of Housing and
9  Community Development is sufficient to allow them to do the Work of the Contract.
10  [Defendants' Memo of Ps&As, 4:22-25]. Whether by ignorance, bad advice, or
11  design Defendants have confused (a) the scope of permission given them by their
12  permit issued by the Department of Housing and Community Development, with (b)
13  the requirement for a contractor's license, which is issued and enforced by the
14  California Contractors State License Board. Defendants' confusion is highlighted by
15  their mistaken declaration that the "California State License Board" [sic] is "a
16  component of the California Department of Housing and Community Development."
17  [Defendants' Memo of P&As, 6:6-7; 9:10-11].

18       In fact, there is no agency called the "California State License Board"; the
19  (relevant) Contractors State License Board is located within and subject to the
20  California Department of Consumer Affairs (see California Business & Professions
21  Code §§100, 101(j), 7000.5) – wholly unrelated to the Department of Housing and
22  Community Development (see California Health & Safety Code §§50400, 50404).
23  Defendants may indeed have a valid seller's permit issued by the Department of
24  Housing and Community Development, but that permit does not relieve them of the
25  requirement for the Work performed in this case, to also hold a valid contractor's
26  license issued by the Department of Consumer Affairs, through its Contractors State
27  License Board.

28

## II

**PLAINTIFFS' RULE 12(c) MOTION IS PROPER AS TO THE FIRST CAUSE OF ACTION BECAUSE THE PLEADINGS ARE CLOSED AS TO ALL FACTS NECESSARY TO ENTER JUDGMENT IN PLAINTIFFS' FAVOR ON THAT CAUSE OF ACTION**

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is appropriate when the pleadings are closed; that is, when there are no disputed material facts, so that judgment may be entered as a matter of law. Put another way, such a judgment is appropriate when there are no facts that could be introduced by the non-moving party to change the legal outcome. *USF&G v. Tierney Assoc.*, 213 F. Supp 2d 468, 470 (M.D. Pa. 2002).

This Motion asks for a partial judgment, as to the First Cause of Action only. A partial judgment on the pleadings is an accepted practice, *Strigliabotti v. Franklin Resources*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005); *Curry v. Baca*, 497 F. Supp. 2d 1128, 1130 (C.D. Cal. 2007), and advances the policy of expeditious disposition of matters where the material facts are not disputed. *Chi-Mil Corporation v. W. T. Grant Co.*, 70 F.R.D. 352, 358 (E.D. Wis. 1976).

The requested judgment for Plaintiffs in this case is proper because the elements of the First Cause of Action are conclusively established by the pleadings and motions filed by the parties in this and other courts. As argued below, the statute at issue, California Business & Professions Code section 7031(b), provides that a consumer may recover all compensation paid to an unlicensed contractor. There is no requirement for scienter, reliance or proof of any other fact. To enter the judgment Plaintiffs seek in this motion, the Court must only decide (1) whether the work Defendant IHC performed under its Contract required a California contractor's license, (2) whether Defendant IHC had the required license, and (3) how much was paid to Defendant IHC under that Contract.   All three elements are proved in this matter by the pleadings and admissions already on file, without

1  the need for any further proceedings. Judgment on the pleadings in favor of

2  Plaintiffs as to this First Cause of Action is proper and expeditious.

3  ### III

4  **DEFENDANT IHC WAS AN UNLICENSED CONTRACTOR
WHEN IT PERFORMED THE WORK OF THE CONTRACT,
AND MUST DISGORGE ALL PAYMENTS RECEIVED FROM
PLAINTIFFS**

5

6

7  1.  The Work of the Contract required that IHC hold a valid California
contractor's license.

8  The California Contractors State License Law, Business & Professions Code

9  ("B&PC") 7000 et seq, requires contractors to be licensed unless they are exempt.

10  *Twenty-nine Palms Enterprises Corporation v. Bardos*, 210 Cal. App.4[th] 1435, 1449

11  (2012). B&PC section 7026 defines a "contractor" as including:

12  "any person who undertakes to or offers to undertake to, or purports

13  to have the capacity to undertake to, or submits a bid to, or does

14  himself or herself or by or through others, construct, alter, repair, add

15  to, subtract from, improve, move, wreck or demolish any building,

16  highway, road, parking facility, railroad, excavation or other structure,

17  project, development or improvement, or to do any part thereof,

18  including the erection of scaffolding or other structures or works in

19  connection therewith, or the cleaning of grounds or structures in

20  connection therewith, or the preparation and removal of roadway

21  construction zones, lane closures, flagging, or traffic diversions, or the

22  installation, repair, maintenance, or calibration of monitoring

23  equipment for underground storage tanks, and whether or not the

24  performance of work herein described involves the addition to, or

25  fabrication into, any structure, project, development or improvement

26  herein described of any material or article of merchandise.

27  "Contractor" includes subcontractor and specialty contractor"

28  / / /

1 | B&PC section 7026.1(b)(1) further defines a "contractor" as

2   "Any person, consultant to an owner-builder, firm, association,
3   organization, partnership, business trust, corporation, or company,
4   who or which undertakes, offers to undertake, purports to have the
5   capacity to undertake, or submits a bid to construct any building or
6   home improvement project, or part thereof."

7 | Specifically with respect to the type of construction involved in this case, B&PC
8 | section 7026.2(c) clarifies that:

9   "Contractor" does not include a seller of a manufactured home or
10   mobilehome who holds a retail manufactured home or mobilehome
11   dealer's license under Chapter 7 (commencing with Section 18045) of
12   Part 2 of Division 13 of the Health and Safety Code, _if the installation_
13   _of the manufactured home or mobilehome is to be performed by a_
14   _licensed contractor and the seller certifies that fact in writing to the_
15   _buyer prior to the performance of the installation. The certification_
16   _shall include the name, business address, and contractor's license_
17   _number of the licensed contractor by whom the installation will be_
18   _performed._

19 | (emphasis added). This last section confirms that, while the _sale_ of a manufactured
20 | home does not have to be licensed, the _installation_ of a manufactured home requires
21 | a licensed contractor.

22   In this case, the Work of the Contract includes, in an integrated fashion, both
23 | the manufacture of the components and the construction of the house on site in
24 | California, as referenced in B&PC section 7026. Payment is structured as in a
25 | conventional construction contract – including progress payments and protection
26 | against subcontractor liens – and title to the house does not pass until IHC has been
27 | "paid in full." (Complaint, Exhibit 1, paragraphs 4, 9, 18-19). Comparing as well
28 | the detailed list of Defendants' activities, to the definition in B&PC section 7026,

1    Defendant IHC cannot deny it constructed the entire home, on site in San Diego
2    County. IHC's effort to claim the exemption of section 7026.2(c) (*see*, Request for
3    Judicial Notice, Exhibit A, page 5, ¶17) fails because, as noted above, this
4    exemption only applies if the seller certifies that "a licensed contractor" will actually
5    perform the installation, including the "name, business address and contractor's
6    license number" of the contractor who will perform the installation. There is no such
7    certification in the Contract; and the only contractor's license identified in the
8    Contract belongs to Defendant Valgardson, not IHC. IHC itself acted as the
9    contractor in performing the installation required by the Contract, and falsely
10   represented it had the license to do so; since IHC was not, in fact, properly licensed,
11   the exemption of 7026.2(c) does not apply.

12   2.    <u>IHC was not licensed when it entered into and performed the Work of the</u>
13       <u>Contract</u>.

14       As established by the certification from the Contractors State License Board
15   (Exhibit 2 to the Complaint), IHC was not a licensed California contractor when it
16   entered into the Contract and thereafter performed the Work required thereunder.
17   Where licensure is controverted, "proof of licensure shall be made by production of
18   a verified certificate of licensure from the Contractors State License Board." B&PC
19   §7031(d). The certification in this case confirms that IHC was not licensed when it
20   entered into and performed work under the Contract with Plaintiffs.

21       In response to Plaintiffs' insistence that IHC provide its contractor's license
22   number, IHC listed Defendant Valgardson's "sole ownership" contractor's license
23   number under the signature line of the Contract. An individual acting as a contractor
24   is a separate person" from his corporation, for licensing purposes, see B&PC section
25   7025(b), and the license of one will not also be considered the license of the other.

26       In *Opp v. St. Paul Fire & Marine Insurance Company*, 154 Cal. App. 4th 71
27   (2007), a contractor (who was himself a licensed California contractor) also owned
28   a corporation (not licensed in California) that provided services as a subcontractor.

1  The subcontractor corporation entered into a construction subcontract in California,
2  using the owner's personal contractor's license number. Subsequently, the
3  subcontractor corporation tried to sue for payment on the contract, but was refused
4  compensation under B&PC section 7031(b) because it was not licensed. The fact that
5  the owner was a licensed contractor did not remedy the corporate subcontractor's
6  problem, among other reasons because it would "render ineffective the contractor's
7  license requirement and encourage fraud if insertion of the license number of one
8  who is not the contractor permitted a suit that was otherwise barred by section 7031.
9  . ." Noting that the use of a corporate entity brings with it the benefits of limited
10  individual liability, the court also found that "parties who determine to avail
11  themselves of the right to do business by means of the establishment of a corporate
12  entity must assume the burdens thereof as well as the privileges." *Opp*, 154 Cal.
13  App. 4th at 76. One such burden is to separately license the corporate entity.

14  See also, *Knapp Development & Design v. Pal-Mal Properties, Inc.*, 173 Cal.
15  App. 3d 423, 430 (1985) ("Even if an officer or employee of the corporation is a
16  licensed contractor, that individual does not ordinarily bear responsibility for the
17  corporation's obligations."); *Twenty-nine Palms, supra* at 1449-1450 (holding that
18  a corporation's license would not cover work done by the corporation's sole
19  shareholder, under a contract he entered into in his separate capacity as a sole
20  proprietor of another entity); *cf. Ball v. Steadfast-BLK*, 196 Cal App. 4th 694, 703
21  (2011) (permitting contractor recovery where ". . . unlike the plaintiff in *Opp*, the
22  [licensed contractor in *Ball*] entered into the contracts on behalf of his sole
23  proprietorship, not on behalf of a separate legal entity that could, and should, have
24  obtained its own license").

25  California law required IHC to have its own California contractor's license to
26  enter into the Contract at issue. The separate licensure of its principal, Defendant
27  Richard Valgardson, did not relieve IHC of this requirement, or rescue IHC from
28  the consequences of being unlicensed in this transaction.

1  3.    IHC must disgorge the entire sum paid by Plaintiffs

2         An unlicensed contractor may not recover compensation for work performed
3  under a contract for work that requires a license.  B&PC section 7031(a).  Further,
4  B&PC section 7031(b) provides that:

5         "Except as provided in subdivision (e), a person who utilizes the
6         services of an unlicensed contractor may bring an action in any court of
7         competent jurisdiction in this state to recover all compensation paid to
8         the unlicensed contractor for performance of any act or contract."

9  Under the incontestable facts of the case, Plaintiffs are entitled to recover all sums
10  they paid to IHC.  As attested to in Defendants' own Utah action, those sums total
11  over $465,000.

12        Section 7031(e) (referenced in section 7031(b)) allows a court to find that an
13  unlicensed contractor has nevertheless "substantially complied" with the licensing
14  requirements; however, the circumstances under which that finding may be made are
15  narrow and inapplicable to IHC. Among other things, the unlicensed contractor must
16  have previously held a California contractor's license, and upon learning of the
17  failure of licensure, must act promptly to cure the defect by renewing the license.
18  *Knapp Development*, *supra*, 173 Cal. App. 3d at 431-432. In the instant situation,
19  IHC had never held a California contractor's license prior to and during its Contract
20  Work for Plaintiffs.  Moreover, when advised of the issue created by its failure to
21  have a license, it did not cure the problem, but rather promptly tried to divert the
22  dispute to the Utah courts. (Request for Judicial Notice, Exhibit C; Defendants'
23  Memorandum of Points and Authorities in Support of its Motions to Dismiss,  ¶¶
24  13,15). IHC cannot thus avail itself of the "substantial compliance" exception in
25  section 7031(e).

26        IHC calls the remedy of section 7031(b) a "sweeping forfeiture action." That
27  is precisely what the Legislature intended; the court in *White v. Cridlebaugh*, 178
28  Cal. App. 4th 506 (2009) called section 7031(b) "a sword that allows persons who

- 10 -

1  utilize unlicensed contractors to recover compensation paid to the contractor for
2  performing unlicensed work."(See also, *Twenty-nine Palms, supra* at 1449: "Section
3  7031, subdivision (b), provides that an unlicensed contractor must disgorge all
4  compensation earned under a contract").  The *White* court quoted extensively from
5  the Assembly Committee analysis for the bill that added section 7031(b) to the law,
6  noting that the provision furthered the strong public policy in favor of protecting
7  consumers against unlicensed contractors "by compelling violators to return all
8  compensation received from providing their unlicensed services . . . even if the
9  person knew the contractor was unlicensed." *White*, 178 Cal. App. 4th at 519.

### IV

## CONCLUSION

12  IHC contracted with Plaintiffs to manufacture and install a custom home on
13  Plaintiffs' property in California.  The facts before the Court establish beyond
14  argument or contravention that  (1) the work IHC contracted to perform required a
15  California contractor's license, (2) IHC did not have that license, and (3) Plaintiffs
16  have paid IHC the sum of $465,229.00 for the unlicensed work.  The Court has all
17  of the established facts necessary to enter judgment in Plaintiffs' favor as to the First
18  Cause of Action.

19  For all of the foregoing reasons, Plaintiffs respectfully request the Court enter
20  judgment in their favor as to the First Cause of Action, and award Plaintiffs
21  judgment in the amount of $465,229.00 as to that cause of action.

23  DATED: March 27, 2013                     McATEER & McATEER, APLC

25                                            s/Theresa C. McAteer
                                              Attorneys for Plaintiffs
26                                            Heather Johnston and David Dickins

27                                            E-mail: theresa@mcateerlaw.com