UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| HEATHER JOHNSTON and DAVID F. DICKENS, | CASE NO. 13-CV-0523 W (BLM) |
|---|---|
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION TO FILE A SUPPLEMENTAL COMPLAINT** |
| v. | **[DOC. 57]** |
| IRONTOWN HOUSING COMPANY, INC., et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs Heather Johnston's and David F. Dickens' motion to file a supplemental complaint to allege fraudulent transfers of Defendants' assets. Plaintiffs also seek to join Defendants' purported transferees.

The Court decides the matter on the papers submitted without oral argument pursuant to Civil Local Rule 7.1(d.1). For the reasons discussed below, the Court **DENIES** Plaintiffs' motion to file a supplemental complaint [Doc. 57].

//

//

I. **BACKGROUND**

Defendant IHC is a Utah corporation or other form of business entity which manufactures modular housing in Utah and does substantial business in California. (*Compl.*[1], ¶ 2.) Plaintiffs are California residents who purchased a residential lot in La Jolla, California with plans to build a custom-designed modular home. (*Id.*, ¶¶ 1, 10.)

On April 12, 2012, Plaintiffs entered into a written Sales and Purchase Contract (the "Contract") with Defendants for the purchase of a modular home. (*Id.*, ¶ 15.) Under the Contract, Defendants are responsible for "build[ing] the Structure" according to specification, "arrang[ing] the delivery of the Structure modules to the Site," "weatherproofing and protecting the Structure modules on-site, setting the modules on the foundation, stitching the modules together and [performing] on-site construction, as set forth in the Contract Documents." (*Contract*[2], 30.) Defendants are also responsible for "trenching and installation of pipe, conduit and wiring unless said wiring, pipe or conduit must be installed by Utility Company." (*Id.*)

Once Defendants' manufacture of the modules was completed, inspected, and approved, the modules were delivered to Plaintiffs' lot for assembly and installation. (*Compl.*, ¶ 19.) Plaintiffs contend that on or about September 2012, they noticed a problem with the roof installation and notified Defendants. (*Id.*, ¶ 21.) Subsequently, Defendants and their subcontractors made "multiple botched repair attempts" to the roof. (*Id.*, ¶ 22.) Plaintiffs also allege that, upon removing and replacing the roof, they discovered additional defects and discrepancies with the manufacture and assembly of the modules and that Defendants had failed to make "critical repairs" to the electrical system that they claimed to have made. (*Id.*, ¶ 24.) Moreover, Plaintiffs allege that incorrect hangar hardware was used, doors and windows were out of plumb, electrical

---

[1] The Complaint is attached as Exhibit 1 to the Notice of Removal [Doc. 1].

[2] The Contract is attached as Exhibit 2 to the Notice of Removal.

fire hazards resulted from improper wiring, a major support beam was installed upside down, and HVAC vents and ducts were damaged. (*Id.*, ¶ 26.)

On or about January 8, 2013, Plaintiffs filed a lawsuit in the San Diego Superior Court alleging causes of action for recovery of compensation paid to an unlicensed contractor under California Business and Professions Code § 7031(b), breach of contract, fraud, negligent misrepresentation, unfair trade practices, and unjust enrichment. (*Compl.*, ¶¶ 27-54.) Defendants then removed the action to this Court on March 6, 2013, pursuant to 28 U.S.C. § 1441(b). (*Notice of Removal*, 1-5.)

Plaintiffs now move to file a supplemental complaint in order to allege that Defendants Irontown Housing and Richard Valgardson have fraudulently transferred assets in order to deprive Plaintiffs of recovery in this lawsuit. (*See Mt.* [Doc. 57], 3:7–13.) Plaintiffs also seek to join as transferee defendants Novatek, Inc., KEB Enterprises, KEB Homes, and Star Trust. (*Id.*)

## II.   APPLICABLE LEGAL STANDARDS

### A.   Supplemental Pleading

A motion to file a supplemental pleading is governed by Federal Rule of Civil Procedure 15(d), which provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

This rule is "intended to give district courts broad discretion in allowing supplemental pleadings . . . The rule is a tool of judicial economy and convenience. Its use is therefore favored." Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988) (internal citation omitted).

> Rule 15(d) of the Federal Rules of Civil Procedure provides for ... supplemental pleading. It is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid

> the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them.

Id. (quoting New Amsterdam Casualty Co. v. Waller, 323 F.2d 20, 28–29 (4th Cir.1963), cert. denied, 376 U.S. 963, 84 S.Ct. 1124, 11 L.Ed.2d 981 (1964)). However, the goal of Rule 15(d) is judicial efficiency, and supplemental pleading may not be used to introduce a new cause of action that is separate and distinct from the original and that could be the subject of a separate action. Planned Parenthood of S. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal citations omitted).

### B. Permissive Joinder

Federal Rule of Civil Procedure 20 provides that the following persons may be joined:

> Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Thus, "[o]n a threshold level, Rule 20(a) imposes two specific requirements for the permissive joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action." Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) (citing League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914 (9th Cir. 1977)). "Although the specific requirements of Rule 20 . . . may be satisfied, a trial court must also examine the other relevant

factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." Id. Factors to be considered in the latter analysis include the possibility of prejudice, delay in amendment, the moving party's motive, the closeness of the relationship between current parties and those sought to be joined, whether amendment would affect the court's jurisdiction, and whether the new parties have notice of the pending action. Id.

### III. DISCUSSION

#### A. Plaintiff's request to file claims against new Utah defendants.

Plaintiffs move to file new claims against proposed Utah Defendants BDR Investment Partners, LP, KEB Homes, KEB Enterprises, Novatek, Inc., and Star Trust. (*Prop. Supp. Compl.* [Doc. 57-1], ¶¶ 4-9.) However, Plaintiffs have not identified a question of law or fact common to all Defendants in the existing lawsuit and the parties sought to be joined through the supplemental complaint. See Fed. R. Civ. P. 20(a)(2)(B). Plaintiffs filed the original action against IHC, Richard Valgardson, and Kam Valgardson for: (1) recovery of compensation to an unlicensed contractor; (2) breach of contract; (3) fraud; (4) negligent misrepresentation; (5) unfair trade practices; and (6) unjust enrichment. (*Compl.* ¶¶ 27-54.) The proposed supplemental complaint seeks to join five new Defendants, all of whom are located in Utah, for fraudulent transfer. (*Prop. Supp. Compl.*, ¶¶ 4-9, 27-36.) Because Plaintiffs make no assertion that a question of law or fact is common between the original parties and the new Defendants, Rule 20 does not provide for the joinder of the new Defendants.

#### B. Plaintiff's request to file new claims for fraudulent transfer against the existing Defendants.

As Plaintiffs correctly note in their motion, "[t]he transferee of a fraudulent transfer is a necessary party defendant in an action to set aside the fraudulent transfer." (*Mot.*, 8:15-16.) See Fed. R. Civ. P. 19 ("(1) Required Party. A person who is subject

to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . (A) in that person's absence, the court cannot accord complete relief among existing parties.")  For the reasons stated above, Rule 20 does not provide for the joinder of the new parties to this action.  Because transferees claim an interest in the assets at issue in the proposed fraudulent transfer claims, full and fair relief cannot be accorded in litigating these claims without the proposed Utah Defendants.

Furthermore, Plaintiffs' proposed fraudulent transfer claims are separate and distinct from the original action, and they could be the subject of a separate action.  As such, Rule 15 does not permit the inclusion of such claims through the mechanism of a supplemental complaint.  See Planned Parenthood of S. Arizona, 130 F.3d at 402.

### IV.  CONCLUSION & ORDER

For the foregoing reasons, Plaintiffs' motion to file a supplemental complaint [Doc. 57] is **DENIED**.

**IT IS SO ORDERED.**

DATE: April 18, 2014

_____
Hon. Thomas J. Whelan
**United States District Judge**